B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of Idaho, Pocatello Division

In re  **Hernandez, Abel Arenivas & Hernandez, Lisa Ann**                               Case No. _____
                                                   Debtor(s)                                         Chapter  **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept                        $    **2,200.00**
   Prior to the filing of this statement I have received              $    **1,700.00**
   Balance Due                                                        $      **500.00**

2. The source of the compensation paid to me was:

   ■ Debtor      ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor      ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **e. Counsel has a line of credit from a third-party lender secured by an assignment of the account receivable owed by Debtor(s). The financing is not factoring and should not be considered an agreement to share compensation. The Lender will have rights to collect payment from Debtor(s) as well as any Guarantor. Such financing arrangement clearly provides that Debtor(s) are fully informed, must and agree to the financing and assignment. Debtor(s) understand that the actual loan agreements may be made available upon request by a party-in-interest.
      f. Debtor and Attorney have entered into two separate fee agreements. The first was for $0.00 fees, but may have included costs, signed pre-petition, for the preparation and filing of the bankruptcy petition, review, analysis and advisement of the typical matters that are required to be performed pre-petition by a bankruptcy attorney under the applicable bankruptcy and ethical rules. Any fees and costs for pre-petition services unpaid at the time of filing are waived. The second fee agreement was for $1,700.00, signed post-petition for the completion of the balance of the schedules, representation at the 341 meeting of creditors, and the legal services outlined in the fee agreement. The post-petition fee agreement allows the Debtor(s) to make payments for up to 12 months post-petition. Counsel's services to the Debtor(s) are not unbundled. Instead, they are bifurcated into pre-petition services and post-petition. See Bethea v. Robert J Adams & Associates, 352 F.3d 1125, 1128 (7th Cir. 2003), cert. denied, 158 L. Ed. 2d 733, 124 S.Ct. 2176 (2004), In re Sanchez, 241 F.3d 1148, 1150-51 (9th Cir. 2001), and related cases. Counsel is able to draw funds under its line of credit in an amount up to 75% of the post-petition fees so long as it assigns the post-petition receivable to the lender as collateral for payment, in which event in which event the lender will manage the account receivable in accordance with the terms of the line of credit agreement.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **6. By agreement with the debtor(s), the above-disclosed fee does not include the following services: Representation of the debtor(s) in any:
   • adversary proceedings, dischargeability actions and other contested bankruptcy matters
   • municipal, county, state or other local jurisdiction court matters
   • tax matters
   • efforts to discharge student loans
   • creditor violations of the automatic stay, discharge injunction or Fair Credit Reporting Act**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR
(Continuation Sheet)

7. Counsel offered debtor(s) two options for the payment of counsel's fees: (1) pre-pay the fees in full prior to the Chapter 7 bankruptcy petition being filed, or (2) bifurcate the attorney services into pre- and post-petition work in order to facilitate the debtor(s) obtaining the benefit of being filed right away and making payments post-petition for the post-petition work. Counsel charges a higher fee for the second option. There are a number of reasons for charging a higher fee:

a. Counsel performs additional work to split the engagement;
b. Counsel takes on risk by allowing the debtor to pay the attorney fee over time instead of collecting the entire fee up front;
c. The option provides the debtor(s) with the benefit of a quicker filing than if the debtor(s) had to come up with the money to pay in advance;
d. The option gives debtor(s) an opportunity to begin rebuilding their credit score by making timely payments toward the attorney fee;
e. Counsel will not charge the debtor additional fees for certain services that if required would otherwise cost the debtor(s) more if debtor(s) had paid the entire fee before the case was filed; and
f. FSF (described below) charges a fee to Counsel for its financing, payment management, credit reporting and other services provided to Counsel, for which FSF charges a fee equal to

Debtor: _[signature]_
Date: 6-19-2020

Co-Debtor: _[signature]_
Date: 6-19-2020

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

June 16, 2020
Date

/s/ Kameron Youngblood
Kameron Youngblood
*Signature of Attorney*
Youngblood Law

PO Box 50495
Idaho Falls, ID 83405-0495
(208) 525-3328  Fax: (208) 525-3330
youngbloodlaw@gmail.com
*Name of law firm*

Software Copyright (c) 2020 CINGroup - www.cincompass.com