B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Mountain America Credit Union | **DEFENDANTS**<br>Abel Arenivas Hernandez, and<br>Lisa Ann Hernandez |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Spinner, Wood & Smith, PO Box 6009, Pocatello, ID 83205<br>(208)232-4471 | **ATTORNEYS** (If Known)<br>Kameron Youngblood |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Nondischargeability of Debt.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint | Demand $

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Abel Arenivas Hernandez and Lisa Ann Hernandez | BANKRUPTCY CASE NO.<br>20-40484-JMM | |
| DISTRICT IN WHICH CASE IS PENDING<br>Idaho | DIVISION OFFICE<br>Pocatello | NAME OF JUDGE<br>Joseph M. Meier |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Jim Spinner | | |
| DATE<br>11/17/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jim Spinner, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Jim Spinner, Esquire
**SPINNER, WOOD & SMITH**
1335 East Center - P.O. Box 6009
Pocatello, Idaho 83205-6009
Telephone: (208) 232-4471
FAX: (208) 232-1808
ISB No. 3417
Email: spinjim@cableone.net

Attorneys for Mountain America Credit Union

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In the Matter of: ) | Case No. 20-40484-JMM |
| ) | |
| ABEL ARENIVAS HERNANDEZ, and ) | |
| LISA ANN HERNANDEZ, ) | |
| ) | |
| Debtors. ) | |
| ) | |
| _____ ) | |
| ) | |
| MOUNTAIN AMERICA CREDIT UNION, ) | Adversary No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ABEL ARENIVAS HERNANDEZ, and ) | |
| LISA ANN HERNANDEZ, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**COMPLAINT FOR NONDISCHARGEABILITY OF DEBT**

COMES NOW, the Plaintiff, Mountain America Credit Union, (hereinafter "MACU"), and pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), and 523(a)(6), and Bankruptcy

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT - 1

Rules 4007 and 7001(6), for a cause of action against the above-named Defendant(s) alleges, as follows:

## GENERAL ALLEGATIONS

I.

The present adversary case, commenced in the above-referenced Chapter 7 bankruptcy proceeding, is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157, and the rules of this Court and the United States District Court for the District of Idaho. Venue of this proceeding is properly in the District of Idaho pursuant to 28 U.S.C. § 1409(a).

II.

On June 23, 2020, the Defendants, Abel Arenivas Hernandez and Lisa Ann Hernandez, filed with this Court a voluntary petition for relief under Chapter 7 of the Bankruptcy Code as Case No. 20-40484-JMM. This action arises out of and/or is related to said pending bankruptcy proceeding.

III.

The Plaintiff has had to retain attorneys to pursue this action against the Defendant(s) and is incurring reasonable costs and attorneys fees.

IV.

At all relevant times herein, the Plaintiff, MACU, is a credit union doing business in the State of Idaho.

V.

At the time of filing of the bankruptcy petition by the Debtors, the Debtors/Defendants had the following obligation owing to MACU:

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT - 2

A Closed End Note, Disclosure and Security Agreement ("Loan") dated October 18, 2019, in the face amount of $13,801.20, together with a Security Agreement covering the below described collateral was executed by the Debtor, Abel A. Hernandez. The collateral on the loan is a certain 2007 GMC Sierra 1500 pickup, VIN 3GTEK13M67G534646. Pursuant to the statutes of the State of Idaho, Secured Creditor perfected its security interest in said vehicle. A copy of the Note, Security Agreement and proof of perfection of its security interest are attached hereto as Exhibits "A" and "B," and incorporated hereby by reference as if set forth at length.

VI.

The loan obligation specifically provides that the Debtor would not sell, encumber, lease, rent, otherwise dispose of, or give the collateral to anyone else other than the Credit Union, and further provided not to permit anyone to use the collateral in violation of the loan agreement.

VII.

The Debtors, in their bankruptcy schedules, specifically list the 2007 GMC Sierra pickup, and in their Statement of Intention (Official Form 108) indicate an intention to retain the vehicle and pay MACU.

VIII.

Upon MACU applying for stay relief to recover the vehicle, the Debtors, through counsel, informed MACU's counsel that the 2007 GMC Sierra had been transferred to a third party prior to filing for bankruptcy, and the vehicle was reportedly sold to another third party.

IX.

The transfer and sale of the vehicle was done without notice or approval of MACU.

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT - 3

X.

MACU has not received any proceeds or payoff of the loan secured by the 2007 GMC Sierra.

XI.

Plaintiff has been unable to recover its collateral.

XII.

The obligation owing from Defendant(s) to Plaintiff has a balance owing in the amount of $15,650.79 as of November 9, 2020, plus interest accruing thereon at the contract rate of 3.740% per annum. The Defendant(s) seek to discharge their personal liability for said obligation in their bankruptcy proceeding.

**COUNT ONE**

XIII.

Plaintiff repleads the General Allegations set forth above as if stated herein at length.

XIV.

The Defendants' actions and information Plaintiff has now been provided on the loan obligation establish that the 2007 GMC Sierra was disposed of by Debtors in violation of the loan agreement, out of trust, and under false pretenses, and false representations. As such, the debt to MACU is non-dischargeable according to 11 U.S.C.§ 523 (a)(2)(A).

**COUNT TWO**

XV.

Plaintiff repleads the General Allegations set forth above as if stated herein at length.

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT - 4

XVI.

The Defendants' representations in their bankruptcy schedules, under oath, regarding the 2007 GMC Sierra were materially false, respecting the Debtors' financial condition, relied upon by the Plaintiff, and were made with the intent to misrepresent the actual condition and status of said collateral.

XVII.

Based on the Defendants' actions identified above and as otherwise shown at hearing or trial of this matter, Defendants' debt to MACU is non-dischargeable under 11 U.S.C. § 523(a)(2)(B).

## COUNT THREE

XVIII.

Plaintiff repleads the General Allegations set forth above as if stated herein at length.

XIX.

The Defendants' actions set forth above in wrongfully disposing of the 2007 GMC Sierra, together with other nondisclosures and misrepresentations to be shown at trial or hearing on this matter constitute a willful and malicious injury by the Defendant(s) to MACU and/or the secured property of MACU.

XX.

Based on the Defendants' actions identified above and as otherwise shown at hearing or trial of this matter, Defendants' debt to MACU is non-dischargeable under 11 U.S.C. § 523 (a)(6).

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT - 5

WHEREFORE, the Plaintiff prays for judgment and order of the Court as follows:

1. That the Court enter an order determining that the Defendant(s) are not discharged from the debt owing to the Plaintiff, pursuant to 11 U.S.C. §§ 523 (a)(2)(A) and/or 523(a)(2)(B) and/or 523(a)(6);

2. For money judgment against the Defendant(s) in a sum equal to the amount owing from the Defendant(s) to the Plaintiff in the amount of $15,650.79 as of November 9, 2020, plus accruing interest;

3. For judgment against the Defendant(s) for Plaintiff's reasonable attorneys' fees and Court costs incurred herein pursuant to the loan agreements between the parties and applicable law;

4. That the Plaintiff be awarded such other and additional relief as the Court deems just and equitable.

DATED this 17 day of November, 2020.

SPINNER, WOOD & SMITH
Attorneys for MACU

By: _____
Jim Spinner

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT - 6